UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYNN TURNER, <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, *agent of* XYZ CORPORATION, *agent of* JOHN OR JANE DOES 1 THROUGH 10 <br><br> Defendant. | Civil Action No. 23-4268 (JXN) (AME) <br><br> MEMORANDUM OPINION <br><br> & <br><br> ORDER |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Horizon Blue Cross Blue Shield of New Jersey's ("Horizon's") motion to dismiss plaintiff Lynn Turner's ("Plaintiff's") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 9). Plaintiff opposed (ECF No. 12), and Defendant replied. (ECF No. 16). The Court has carefully considered the parties' submissions and decides this matter without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendants' motion to dismiss (ECF No. 9) is **DENIED** without prejudice, and Plaintiff's Complaint (ECF No. 1) is *sua sponte* **DISMISSED** without prejudice.

1. Based on the face of the Complaint, the Court lacks subject matter jurisdiction. *See Perry v. Gonzales*, 472 F. Supp. 2d 623, 626 (D.N.J. 2007) ("[L]ack of subject matter jurisdiction may be raised by the Court *sua sponte* at any time.") (citations omitted); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) ("[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction. . . .") (citation omitted).

2. In addition to not alleging venue, Plaintiff does not allege diversity jurisdiction or federal question jurisdiction. *See* Fed. R. Cv. P. 8(a)(1) (Complaint must include a "short and plain statement of the grounds for the court's jurisdiction. . . ."). Indeed, despite selecting diversity jurisdiction (ECF No. 1-1 (the "Cover Sheet")), Plaintiff alleges the parties reside in New Jersey. (Compl. at 1-2). *See* 28 US.C. § 1332(a). Additionally, while the Cover Sheet does not assert federal question jurisdiction, the Court considers whether federal question jurisdiction applies.

3. Plaintiff alleges New Jersey state law claims. (Compl. at 3-12). In support of Counts One and Three, the Complaint alleges Defendant "deprived" her of "her constitutional and statutory rights guaranteed by the Constitution of the United States and 42 U.S.C. § 1983." (Compl. at 5, 8). However, the Complaint does not allege a constitutional or civil rights claim.

4. The Court considers whether federal question jurisdiction is apparent from the Complaint. *See Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (Federal question jurisdiction "must be disclosed upon the face of the complaint, unaided by the answer.") (internal quotation marks omitted and citations omitted). Plaintiff "bears the burden of establishing subject matter jurisdiction." *Omar v. Mueller*, 501 F. Supp. 2d 636, 638 (D.N.J. 2007) (citations omitted).

5. Here, Defendant argues Plaintiff has not alleged a claim under § 1983 (ECF No. 9-1 at 31 n.8), to which Plaintiff provides no response.[1] (*See*, *gen.*, ECF No. 12). Plaintiff also alleges no facts in support of her bald assertion that Defendant, a private employer, violated her constitutional rights of "[f]reedom from deprivation of liberty[;]" "[f]reedom from an invasion of

---

[1] Due to Plaintiff's lack of response, the Court could dismiss the § 1983 claim, if any. *Cabrera v. Nazor*, No. 23-2745, 2024 WL 310523, at *5 (D.N.J. Jan. 25, 2024) (citation omitted), *aff'd as modified*, 813 F.App'x 780 (3d Cir. 2020)); *Depalma v. N.J. Turnpike Auth.*, No. 20-3210, 2020 WL 6689800, at *7 (D.N.J. Nov. 13, 2020).

personal security; and "[e]qual protection of the laws." (Compl. at 4-5). Thus, Plaintiff has not alleged federal question jurisdiction. Accordingly, it is hereby,

**ORDERED** that Defendant's motion to dismiss (ECF No. 9) is **DENIED** without prejudice; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is *sua sponte* **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff has 30 days to file a motion for leave to amend, and if Plaintiff fails to do so, dismissal may be converted to **with prejudice**.

s/ Julien Xavier Neals<br>
**JULIEN XAVIER NEALS**<br>
United States District Judge